ROBLYER v. ROBLYER.

DIVORCE—ALIMONY—CONTEMPT—EVIDENCE.
     Findings of trial court that defendant husband was in contempt for nonpayment of alimony and child support money and was financially able to purge himself of such contempt, notwithstanding injury to back *held*, supported by record showing defendant had remarried and had purchased a new home.

Appeal from Kalamazoo; Sweet (Lucien F.), J. Submitted June 12, 1958. (Docket No. 23, Calendar No. 47,457.) Decided October 13, 1958.

Bill for divorce by Charlotte L. Roblyer against Vernon P. Roblyer resulted in decree for plaintiff with provision for payment of permanent alimony

REFERENCES FOR POINTS IN HEADNOTES
17 Am Jur, Divorce and Separation §§ 805, 806.
Inability to comply with order to pay alimony or support money as defense to contempt charge. 22 ALR 1260, 31 ALR 650, 40 ALR 547, 76 ALR 392, and 120 ALR 705.
Pleading and burden of proof in contempt proceedings, as to ability to comply with order for payment of alimony or child support. 53 ALR2d 591.

and support.   Defendant was found guilty of contempt for nonpayment and his petition for reduction and cancellation of arrears was dismissed.   Defendant appeals.   Affirmed.

*Crum, Allen & Mullen* (*C. H. Mullen,* of counsel), for plaintiff.

*Marjorie Lee Luna,* for defendant.

KELLY, J.   Defendant requests this Court to "set aside the order finding him guilty of contempt of court, and prays that this court cancel the alimony arrearage and discontinue the alimony for the support of plaintiff."

December 28, 1953, plaintiff was granted a divorce. The decree ordered that her husband (defendant) pay her $10 per week for 200 weeks and, in addition, $15 per week for the support of their child.   Defendant failed to make the weekly payments to his divorced wife and on October 10, 1956, the friend of the court filed a petition to show cause why defendant should not be held in contempt.

One week later defendant filed his petition to reduce alimony and cancel arrearages, alleging (1) "That defendant was injured December 27, 1955, at which time he received injuries to his back, resulting in cracked vertebrae.   That he received workmen's compensation for a total period of 22 weeks, part of the time at $32 per week, and the remaining portion at $34 per week.   That during said period and up to the present time he has made every effort to keep up payments for the support of the child, but he has been unable to make any payments toward the alimony for the support of plaintiff;" and (2) "That at the time said decree was entered, plaintiff was unemployed and claimed she was unable to work. That she is now regularly employed, according to his

best information and belief, at Fairmount Hospital, Kalamazoo, Michigan, where she makes substantial earnings."

In finding defendant guilty of contempt, the court stated:

"From his testimony there can be no question but that he has been guilty of contempt of the provisions contained in the decree with reference to the payment of support money for his son and alimony for his former wife. The defendant would have us believe that he sincerely understood and believed that the payments provided for in the decree were only to be made out of his earnings. The defendant is an intelligent individual and a man of some wide business experience. He admittedly understands rather complicated provisions of the income tax law. I can't believe that he could have honestly and sincerely construed the decree, which is clear and explicit in its terms, as he would have us believe.   *   *   *

"He may purge himself of the contempt of which this court now finds him guilty, and he is in a position to purge himself of such contempt upon payment of the arrears, whatever they are, let's say in the approximate amount of $1,420. I say he is in position to purge himself because during the period in which he was in contempt and in which he was failing to make the payments he, through business transactions, received in excess of $10,000 in one transaction, which money he used in the purchase of a home, which home is unencumbered. He should have no trouble at all in raising the money to pay the arrears. He is in contempt. He is not entitled and he will not be accorded any consideration on his petition for reduction. My suggestion would be that he purge himself of this contempt by paying up the arrears; that after he has his compensation hearing on July 28th, if he feels and if his attorney feels that he is entitled to consideration in the matter of some reduction, then the matter be brought before the court and to the attention of the court, but the court will

not consider any petition by him in that regard as long as he remains in arrears."

The decree provided that the weekly payments to plaintiff should cease if she remarried; there was, however, no such provision if she sought and obtained employment.

Defendant remarried and bought a new home after the decree. His attitude toward the obligations he had created through his previous marriage is disclosed by his testimony as follows:

"*Q.* You felt you could use your own judgment and substitute your own decision for that of the court, is that correct?

"*A.* That's right.

"*Q.* You felt your thinking was better on that than the judge's was when he signed the decree?

"*A.* Well, I have no way of proving it, but—

"*Q.* Just answer my questions. You felt your thinking on that, and the way you had worked it out was better than the judge's when he signed the decree?

"*A.* Yes, I figured there should be a change into it.

"*Q.* In the decree?

"*A.* That's right.

"*Q.* But you never petitioned the court to have the decree changed?

"*A.* No, I did not. I am not looking for trouble.

\* \* \*

"*Q.* The decree sets up certain times when you could have the boy. Have you tried to get him?

"*A.* No. I just figured it might make trouble.

"*Q.* I am not asking you why you did, but I am asking, you didn't in accordance with the decree?

"*A.* I told you I didn't.

"*Q.* He is getting to be a pretty big boy, isn't he?

"*A.* Yes.

"*Q.* Did you speak to him this morning?

"*A.* I didn't know it was him.

"*Q.* What?

"*A.* Actually, I didn't know it was him.

"*Q.* It has been so long since you have seen him?
"*A.* That's right."

The record sustains the findings of the trial court. Affirmed. Costs to appellee.

Dethmers, C. J., and Carr, Smith, Black, Edwards, Voelker, and Kavanagh, JJ., concurred.